IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LANA FOSTER, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| v. | * | **NO. 7:09 CV 00155-HL** |
| | * | |
| ECHOLS COUNTY BOARD | * | |
| OF EDUCATION, | * | |
| | * | |
| **Defendant.** | * | |

## ANSWER AND DEFENSES

COMES NOW, the Echols County Board of Education, Defendant in the above-styled cause

of action (hereinafter referred to as "Echols County BOE"), and files this its Answer and Defenses

to Plaintiff's Complaint and respectfully shows the Court as follows:

### First Defense

Plaintiff has failed to state any claim against Defendant Echols County BOE for which relief

may be had or granted.

### Second Defense

All actions taken by Defendant Echols County BOE with respect to Plaintiff's allegations

were made by said Defendant based upon legitimate, non-discriminatory, non-prejudicial reasons.

### Third Defense

Defendant Echols County BOE is not a body corporate and does not have capacity to sue or

be sued. *Cook v. Colquitt County Bd. of Educ.*, 261 Ga. 841 (1992).

1

### Fourth Defense

Defendant Echols County BOE is an improper party to this action and must be dismissed.

### Fifth Defense

Defendant Echols County BOE does not have standing to be sued in this matter and, therefore, must be dismissed from this action.

### Sixth Defense

The above identified Defendant did not deprive Plaintiff of any clearly established Constitutional right.

### Seventh Defense

Plaintiff was never deprived of any Federal, Constitutional or statutory right as a result of the application of a policy practice or custom of the Defendant.

### Eighth Defense

Plaintiff's Complaint must be dismissed as there has been no service upon Defendant Echols County BOE as required by law and Plaintiff's Complaint must be dismissed pursuant to F.R.C.P. 12(b)(5).

### Ninth Defense

Defendant Echols County BOE has not committed any negligent, intentional or otherwise illegal action and is not liable to Plaintiff under any theory of law.

### Tenth Defense

Plaintiff has not suffered damages as a result of Defendant's acts or omissions.

## Eleventh Defense

Plaintiff is not entitled to any injunctive or declaratory relief.

## Twelfth Defense

Plaintiff has failed to pursue and/or exhaust her administrative remedies with regard to some or all of the claims in this lawsuit.

## Thirteenth Defense

All of Plaintiff's claims are untimely and otherwise barred by the Statute of Limitations.

## Fourteenth Defense

Defendant Echols County BOE has at all times acted in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff and has carried out those duties in a reasonable and prudent manner.

## Fifteenth Defense

Plaintiff's claims are barred in whole or in part by the Doctrine of Sovereign Immunity.

## Sixteenth Defense

Plaintiff has suffered no adverse employment consequences as a result of any alleged retaliation act or acts by Defendant and, therefore, Plaintiff cannot state a cause of action for retaliation.

## Seventeenth Defense

Some or all of Plaintiff's Federal claims must be dismissed, because such are so strained until it is apparent that Plaintiff is seeking to use Federal law as a font of tort law to attempt to convert State law tort claims into Federal law claims.

3

### Eighteenth Defense

Plaintiff's Complaint must be dismissed for failure to join parties to this litigation whose presence is required for this Court to fully and finally adjudicate all issues between all parties, and in whose absence, some claims should remain unadjudicated.

### Nineteenth Defense

Plaintiff lacks standing to bring some or all of her claims, because Plaintiff has never suffered any economic damages as a result of any action on the part of this Defendant.

### Twentieth Defense

Answering the numbered paragraphs of Plaintiff's Complaint, Defendant avers as follows:

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant Echols County BOE responds that Plaintiff has brought the above-styled action pursuant to the referenced Code Sections.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant Echols County BOE avers that the amount in controversy is not at issue as both Plaintiff and Defendant Echols County BOE are residents of the State of Georgia and Plaintiff's action is based upon issues of federal questions, not diversity. To the extent that Paragraph 2 of Plaintiff's Complaint requires a response from Defendant Echols County BOE, said Defendant denies the allegations contained in Paragraph 2, as stated.

4

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant Echols County BOE admits only that Plaintiff Lana Foster is a resident of the State of Georgia, further, that said Plaintiff is black. Except as expressly admitted or qualified herein, Defendant Echols County BOE denies the allegations contained in Paragraph 3, as stated.

4.

In response to the allegations contained in Paragraph 4 of the Plaintiff's Complaint, Defendant Echols County BOE admits that it has been organized and it exists under the laws of the State of Georgia. Further responding to the allegations contained in said Paragraph 4, Defendant Echols County BOE avers that it is not a body corporate and does not have the capacity to sue or be sued. *Cook v. Colquitt County Board of Education*, 261 Ga. 841 (1992); *Fann v. Johnson County Board of Education*, 270 Ga. App. 186 (2004), *Zachery v. Crawford County Bd. Of Educ.*, 2008 U.S. Dist. LEXIS 76781 (M.D. Ga. 2008). Except as expressly admitted or qualified herein, Defendant Echols County BOE denies the allegations contained in Paragraph 4, as stated.

5.

Defendant Echols County BOE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint. Defendant Echols County BOE avers that Plaintiff has failed to append her Notices of Right to Sue to her Complaint filed herein.

6.

In response to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, Defendant admits that Plaintiff is an African-American female and that she began working for the Echols County School District in 1983 as a teacher. Except as expressly admitted or qualified herein, Defendant denies the allegations contained in Paragraph 6, as stated.

7.

Defendant Echols County BOE denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations contained in Paragraph 8 of the Plaintiff's Complaint, Defendant Echols County BOE admits that Plaintiff has filed several Complaints and allegations of discrimination with the Equal Employment Opportunity Commission. Except as expressly admitted or qualified herein, Defendant Echols County BOE denies the allegations contained in said Paragraph 8.

9.

In response to the allegations contained in Paragraph 9 of the Plaintiff's Complaint, Defendant Echols County BOE admits that Plaintiff has retained an attorney, however, Defendant Echols County BOE denies the remainder of the allegations contained in said Paragraph 9.

10.

In response to the allegations contained in Paragraph 10 of Count I of Plaintiff's Complaint, Defendant Echols County BOE incorporates by reference its responses to the allegations contained in Paragraphs 1 through 9 of Plaintiff's Complaint as set forth hereinabove.

11.

In response to the allegations contained in Paragraph 11 of Count I of the Plaintiff's Complaint, Defendant Echols County BOE admits only that Plaintiff has filed a Complaint against Defendant Echols County BOE. Except as expressly admitted or qualified herein, Defendant Echols County BOE denies the allegations contained in said Paragraph 11.

12.

Defendant Echols County BOE denies the allegations contained in Paragraph 12 of Count I of the Plaintiff's Complaint.

13.

Defendant Echols County BOE denies the allegations contained in Paragraph 13 of Count I of the Plaintiff's Complaint.

14.

Defendant Echols County BOE denies the allegations contained in Paragraph14 of Count I of the Plaintiff's Complaint.

15.

Defendant Echols County BOE denies the allegations contained in Paragraph15 of Count I of the Plaintiff's Complaint.

7

16.

Defendant Echols County BOE denies the allegations contained in Paragraph16 of Count I of the Plaintiff's Complaint.

17.

Defendant Echols County BOE denies the allegations contained in Paragraph17 of Count I of the Plaintiff's Complaint.

18.

In response to the allegations contained in Paragraph 18 of Count II of the Plaintiff's Complaint, Defendant Echols County BOE incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as set forth hereinabove.

19.

In response to the allegations contained in Paragraph 19 of Count II of the Plaintiff's Complaint, Defendant Echols County BOE admits that the Echols County School District is an employer as the term is used under the applicable Statutes referenced in Plaintiff's Complaint.

20.

Defendant Echols County BOE denies the allegations contained in Paragraph 20 of Count II of the Plaintiff's Complaint.

21.

Defendant Echols County BOE denies the allegations contained in Paragraph 21 of Count II of the Plaintiff's Complaint.

22.

Defendant Echols County BOE denies the allegations contained in Paragraph 22 of Count II of the Plaintiff's Complaint.

23.

Defendant Echols County BOE denies the allegations contained in Paragraph 23 of Count II of the Plaintiff's Complaint.

24.

Defendant Echols County BOE denies the allegations contained in Paragraph 24 of Count II of the Plaintiff's Complaint.

25.

Defendant Echols County BOE denies all allegations contained in the Plaintiff's Complaint, and each Count thereof, not admitted, qualified or otherwise answered herein.

WHEREFORE, having fully answered, Defendant Echols County BOE herein prays that it be discharged and have judgment of this Court with costs and attorneys' fees taxed to Plaintiff, for trial by a 12 person jury, and for such other and further relief as this Court deems just and proper, premises considered.

9

This 22nd day of February, 2010.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.


By:    /s/David A. Siegel
       David A. Siegel
       Georgia Bar No. 645808

1111 Bay Avenue, Third Floor
Post Office Box 1199
Columbus, GA 31902-1199          Attorneys for Defendant Echols County BOE
(706) 243-5613
Facsimile: (706) 596-9992
E-mail: das@psstf.com


COLEMAN TALLEY LLP


By:    /s/ Edward F. Preston
       Edward F. Preston
       Georgia Bar No. 587416

910 North Patterson Street
Valdosta, GA 31601
(229) 671-8229                   Attorneys for Defendant Echols County BOE
Facsimile: (229) 333-0885
E-mail: ed.preston@colemantalley.com


I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represent consent for filing of this document.

            /s/David A. Siegel
            David A. Siegel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **LANA FOSTER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO. 7:09 CV 00155-HL** |
| | * | |
| **ECHOLS COUNTY BOARD** | * | |
| **OF EDUCATION,** | * | |
| | * | |
| **Defendant.** | * | |

## CERTIFICATE OF SERVICE

I do hereby certify that I am of counsel for Defendant and that a true and exact copy of the foregoing **Answer and Defenses of Defendant** has been filed electronically with the Court and served upon counsel of record in the within matter by placing a copy of same in the U.S. Mail, postage prepaid, addressed to:

David G. Sullivan
Solomon, Sullivan, Romo & Durrett
Post Office Box 12879
Tallahassee, FL 32317

Erika Esan Goodman
1208 Delta Way
Tallahassee, FL 32303

This 22nd day of February, 2010.

/s/David A. Siegel
Counsel for Defendant